**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

    v.                                          Civil No. 06-cv-225-JD

Norman Bolduc & Pauline Maloney

**REPORT AND RECOMMENDATION**

    Before the Court is Josephine Amatucci's complaint[1] alleging that her neighbors have conspired to violate her civil rights by harassing her and causing her to be arrested and detained on false criminal charges.  Because Amatucci is proceeding both pro se and in forma pauperis, the matter is before the Court for preliminary review to determine whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

---

[1] Amatucci has filed a complaint (document no. 1) and an addendum to her complaint (document no. 4).  Although not strictly in compliance with the Court's local rules governing "Motions to Amend," see Rule 15.1 of the Local Rules of the United States District Court for the District of New Hampshire ("LR"), I will accept both filings in the aggregate as the complaint in this matter.

## Standard of Review

Under this Court's local rules, when a nonincarcerated plaintiff commences an action both pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom

must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not "bald assertions" or "unsupportable conclusions" must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Josephine Amatucci is a resident of Wolfeboro, New Hampshire.  She has lived there for more than twelve years.  During that time, Amatucci has been in frequent turmoil with two of her neighbors, Pauline Maloney and Norman Bolduc, who are brother and sister.  Although the dispute originated in a disagreement over the defendants' alleged infringement of Amatucci's property, it progressed to heated verbal and legal confrontations between Amatucci and the defendants, and ultimately the issuance of protective orders prohibiting Amatucci and Maloney from contacting or communicating with one another.

Amatucci alleges that the defendants have violated her rights by conspiring to falsely accuse her of the crime of violating the protective no-contact order, reporting the false

crime to the Wolfeboro police, and thereby causing Amatucci to be falsely arrested, physically assaulted, and wrongfully detained pursuant to the fabricated criminal charges.[2]

According to Amatucci, her present difficulties with Maloney and Bolduc derive from Maloney's habit of parking on the street in front of Amatucci's home in such a way so as to block Amatucci's driveway, rather than at her own home, which is down the road from Amatucci's property. Amatucci claims Maloney parks this way to retaliate against Amatucci for contacting the police to stop Maloney's grandson from riding his golf cart on Amatucci's property. Amatucci also alleges that Maloney has left nasty signs on Amatucci's property, encouraged others to park in front of Amatucci's driveway, and turned people against Amatucci.

Amatucci alleges that she has been subjected to ongoing harassment from the Maloney family over the years, but the police have done nothing to protect Amatucci's right not to be harassed. Finally, the police told Amatucci to go to court and attempt to obtain a "stalking order" against Maloney, which Amatucci did. Maloney simultaneously sought a "stalking order" against

---

[2] Amatucci has another action pending in this Court against other defendants that arose, in part, out of the same facts and circumstances that gave rise to the instant complaint. See Amatucci v. Hamilton, Civ. No. 05-259-SM.

4

Amatucci. Amatucci and Maloney appeared in the Carroll County Superior Court on November 12, 2003, for a hearing on their mutual requests. Because both parties desired to have no contact with each other, the judge, from the bench, authorized orders restraining both parties from contacting or communicating with each other or each other's families. Amatucci understood the word "family" to mean that she was not to contact Maloney or any member of her household.

   Prior to the November 12 hearing, Amatucci had sought the assistance of legal counsel to resolve an issue with Bolduc regarding his destruction of some outbuildings in which Amatucci claims a property interest. Bolduc lives behind Amatucci's property. Since the lawyers had not yet acted on her behalf, Amatucci wrote a letter herself to Bolduc, insisting on payment for damages Bolduc had caused to the outbuildings, in order to avoid litigation over the issue. Amatucci brought the letter with her to Court on November 12, thinking that Bolduc might appear in court with Maloney. When Bolduc did not appear, Amatucci mailed the letter to Bolduc on November 13, 2003.

   On November 13, 2003, the Superior Court issued a written Order on the requests for stalking orders. The written order

prohibited Amatucci and Maloney from contacting or communicating with each other or each other's relatives.  This directive, for the first time, prohibited Amatucci from contacting Bolduc, who is Maloney's brother but not a member of her household.  Amatucci received this written Order on November 15, 2003, two days after she had mailed the letter to Bolduc.

On November 18, 2003, Maloney and Bolduc took Amatucci's letter to the Wolfeboro Police Department seeking Amatucci's prosecution for violating the Superior Court's order.  On December 29, 2003, two Wolfeboro police officers arrested Amatucci by placing her in handcuffs and "dragging" her to the police car to be transported to the police station.  A criminal charge was brought against Amatucci and ultimately dismissed in the District Court for Southern Carroll County.

## Discussion

Amatucci brings her claims against Maloney and Bolduc pursuant to 42 U.S.C. §§ 1983 & 1985(3).[3]  Amatucci alleges that

---

[3] 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

she was subjected to a violation of her federal constitutional due process and privacy right, and the following violations of state law: false arrest and imprisonment, malicious prosecution, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation, in a sequence

---

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1985(3) states, in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

of events commenced when Maloney and Bolduc fabricated and signed a criminal complaint against her.

The Section 1983 Claim

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 US. 375, 377 (1994). The presumption is that a federal court lacks jurisdiction. Id. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Sch. Dist., 475 U.S. 534, 541 (1986). To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that her action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000. See 28 U.S.C. §§ 1331 & 1332. If it appears that the court lacks subject matter jurisdiction over the matter, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3).

Turning to the case at hand, the complaint is clearly insufficient to invoke the subject matter jurisdiction of this court. First, although plaintiff has alleged two hundred thousand dollars in damages, and has therefore met the amount in

controversy requirement of 28 U.S.C. § 1332, the complaint does not allege that the parties are citizens of different states.  In fact, the complaint alleges a neighbor dispute with all of the parties residing in Wolfeboro, New Hampshire at the time of filing.  Therefore, Amatucci has not alleged diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332.

Secondly, although it appears that Amatucci has tried to invoke the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331, she has failed to do so.  Amatucci has alleged that the defendants, private persons, have violated her federal constitutional civil rights.  The United States Constitution "erects no shield against merely private conduct, however . . . wrongful."  <u>Blum v. Yarketsky</u>, 457 U.S. 991, 1002 (1981).  A plaintiff claiming an infringement of his civil rights by individual defendants must establish that (i) the defendants deprived plaintiff of a right secured by the Constitution or laws of the United States, and that (ii) the defendants acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia."  42 U.S.C. § 1983; <u>see</u> <u>Andresen v. Diorio</u>, 349 F.3d 8, 13 (1st Cir. 2003).  In relation to the second requirement, a private actor

can be held to be a state actor under only three circumstances: "(i) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (ii) where the private party has exercised powers that are 'traditionally the exclusive prerogative of the state,' or (iii) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert that the action of the private party must in law be deemed to be that of the state." Lewis v. Law-Yone, 813 F. Supp. 1247, 1254 (N.D. Tex. 1993) (quoting Blum, 457 U.S. at 1004); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974).  Here, Amatucci alleges that Maloney claimed to know someone at the Wolfeboro Police Department, but that is insufficient to allege that she engaged in a conspiracy, or otherwise had a close nexus, with a Wolfeboro Police officer.  In fact, Amatucci alleges that the Maloney and Bolduc conspired with one another to provide false information to the police in order to have Amatucci arrested. This conduct, if proven, may demonstrate an agreement between Maloney and Bolduc to harm Amatucci, but it does not show a conspiracy or agreement between the defendants and any state

official.  Therefore, Amatucci has not alleged a nexus between any state actor and the private defendants sufficient to elevate the actions of Maloney and Bolduc to "state action."  Further, Amatucci has not alleged any actions on the part of the defendants that would constitute actions taken on behalf of the state, at the behest of the state, or that traditionally fall into the exclusive purview of state actors.  Accordingly, Amatucci's § 1983 claim cannot lie against the private defendants named, and I recommend that the claim be dismissed as it does not establish the subject matter jurisdiction of this Court.  Fed. R. Civ. P. 12(h)(3); LR 4.3(d)(1)(B)(i).

The Section 1985(3) Claim

   Amatucci alleges a claim against the private defendants under 42 U.S.C. § 1985(3), which creates a private cause of action "for injuries occasioned when 'two or more persons . . . conspire . .. for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'"  Diva's, Inc. v. City of Bangor, 411 F.3d 30, 38-39 (1st Cir. 2005) (citing Burns v. State Police Ass'n of Mass., 230 F.3d 8, 12 n.3 (1st Cir. 2000) (quoting 42 U.S.C. §

1985(3))).  To state a claim under § 1985(3), the plaintiff must allege that the conspiratorial conduct complained of was motivated by some "racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"  Aulson, 83 F.3d at 3 (quoting Griffin v. Breckenridge, 403 U.S. 88, 91 (1971)).  Amatucci has alleged neither that she is a member of any protected class of persons nor that she was the object of invidious discrimination by the defendants.  To the contrary, Amatucci alleges a neighbor dispute based on personal animus.  Because Amatucci cannot allege a § 1985(3) civil rights action against the private defendants based on personal animus, I recommend that this claim, too, be dismissed for failure to establish the subject matter jurisdiction of this Court.  Fed. R. Civ. P. 12(h)(3); LR 4.3(d)(1)(B)(i).

State Law Claims

    Amatucci has alleged several tort claims under state law based on the same facts alleged in support of her civil rights claims.  Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over state law claims that arise out of the same facts and circumstances as those alleged to give rise to the federal claims properly before the Court.  In this case,

however, where I find that the Court lacks subject matter jurisdiction over the federal claims, I decline to exercise this Court's supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367.  Accordingly, I recommend dismissal of the claims based on state law.

## Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   October 4, 2006

cc:     Josephine Amatucci, *pro se*